Pearson, J.
 

 There is no error. We are to assume from the verdict
 
 “
 
 that the defendant made the contract in his own name, and engaged himself to pay the plaintiff for his work,
 
 *529
 
 without disclosing the name of bis principal.” The plaintiff having clone the work, why should not this contract be binding ?
 

 It was said in the argument, that there was no consideration in respect to the defendant. The proposition is not true. The contract was supported by the consideration of
 
 mutual promises
 
 between the contracting parties.
 

 The fact that the plaintiff
 
 “
 
 found out, ” before he commenced work, that the work was to-be done for ¥m. Shipp, and not for.the defendant, (his father), was -immaterial; and his Honor properly declined to g'ive the instruction asked for. Suppose William Shipp to have been an infant, or a bankrupt, that did not discharge the plaintiff from his promise to do the work; therefore, it could not discharge the defendant from his promise to pay for it.
 

 The ruling, in regard to the defendant’s availing himself of a set-off, by reason of a supposed balance due William Shipp, growing out of the sale of castings, was in strict accordance with the legal rights of the .parties. If William Shipp had made payments to the plaintiff, (as distinguished from a set-off), for, and on account of, his work, that would have presented a different question. But the fact that, the plaintiff (as was alleged), had sold castings for William Shipp, and had failed to account therefor, so as to give him a right to sue for an account, was properly excluded 'from the enquiry involved in the issues joined between the plaintiff and defendant.
 

 Per CuriaM, ’ . Judgment affirmed.